## CIRCUIT COURT OF THE CITY OF NORFOLK

David L. Stearns

v.

Virginia Marine
Resources Commission

October 29, 2002

Case No. (Chancery) CH99-2018

BY JUDGE MARC JACOBSON

The above captioned matter comes before this Court on Notice and Motion to Reinstate and Motion to Stay Petition for Review and Motion to Quash Petition for Review filed by David L. Stearns.

Since this case has been of some duration, it is appropriate to attempt to determine a chronology and perspective.

Plaintiff lives at 107 West Severn Road in the City of Norfolk. (Norfolk Wetlands Board Pet. for Appeal at ¶ 5, hereinafter "NWB's Pet. for Appeal.") Plaintiff discovered that his waterfront property was slowly washing away because an existing bulkhead, designed to stop erosion, had failed. *Id.* at ¶ 17. On or about February 16, 1999, Plaintiff applied to the Norfolk Wetlands Board (NWB) for a permit to replace the failed bulkhead. *Id.* at ¶ 14. The NWB held a public hearing on the application on April 14, 1999. *Id.* at ¶ 16. At that hearing, Plaintiff's neighbor, J. Castle Craddock, objected to the permit application, disputing Plaintiff's title to the property and raising concerns about the environmental damage of the proposed bulkhead. *Id.* at ¶¶ 15, 17-18. After considering the evidence, the NWB unanimously voted to approve the permit application. *Id.* at ¶ 19.

On April 22, 1999, Craddock appealed the NWB decision to the Virginia Marine Resources Commission (VMRC). *Id.* at ¶ 20. On June 22, 1999, the VMRC heard Craddock's objections to the proposed bulkhead. *Id.* at ¶ 22. VMRC first entertained a vote to affirm the decision of the NWB, but the vote did not carry. (Pl.'s Mem. of Law in Supp. of Pet. for Appeal, at Ex. B, 4-36 to 4-39.) Then, the VMRC voted six to one in favor of remanding the motion back to the NWB for "further consideration of alternatives" that would minimize the impacts of the replacement bulkhead. (*Id.*; NWB's Pet. for Appeal, at ¶ 22.)

On August 11, 1999, NWB held another public hearing to consider the alternatives. (NWB's Pet. for Appeal, at ¶ 24.) At this hearing, Craddock argued that the VMRC remand required that Appellant submit a revised application. Rather, the NWB took up the application again, discussed the alternatives, and took new evidence from Craddock's expert. After the discussion, NWB again unanimously approved Appellant's application. *Id.* Craddock again appealed the NWB decision to the VMRC. *Id.* at ¶ 25.

On September 28, 1999, the VMRC held the second hearing on Plaintiff's application. *Id.* Against the advice of its staff and counsel, the VMRC voted to reverse the NWB decision. (Opinion Letter from Judge Jacobson to Counsel of Dec. 13, 2001, at 2-3, hereinafter "Opinion Letter.") The VMRC found that NWB had made procedural errors in granting the wetlands permit. (NWB's Pet. for Appeal, at ¶ 25.) On November 24, 1999, the NWB and Plaintiff filed appeals from the VMRC decision with this Court.

On December 30, 1999, Craddock petitioned this Court to intervene as a party to the suit. On December 21, 2000, this Court denied Craddock's petition. The corresponding Order was entered on May 18, 2001. On September 27, 2001, Craddock sought leave to participate in the case as an *amicus curiae*. The Court refused Craddock's request on October 3, 2001. Craddock filed a Motion to Reconsider on October 16, 2001. On October 25, 2001, this Court declined to reconsider its ruling.

On January 10, 2000, VMRC filed a Demurrer and Motion to Dismiss Petition for Appeal. The Court sustained VMRC's Demurrer as to NWB, but overruled its Demurrer as to Plaintiff on December 21, 2000. The Order dismissing NWB from the cause of action was entered on May 18, 2001.

After a review and consideration of the submitted materials, this Court determined that the NWB decision to grant Plaintiff's permit application was procedurally sound and was in compliance with the mandate of the Wetlands Zoning Ordinances and found that the VMRC decision overruling the NWB

decision was contrary to law, arbitrary, capricious, and an abuse of its delegated discretion. (Opinion Letter, at 7-12.) On December 13, 2001, this Court set aside the VMRC's decision and remanded the matter back to the VMRC for further remand to the NWB with instructions that the NWB grant Plaintiff's application. The Court's Order was entered on January 25, 2002.

Following the Court's Order, the NWB granted Plaintiff's application and on March 11, 2002, Plaintiff received a wetlands permit. (Pl.'s Mot. to Reinstate, at ¶ 2.) On May 13, 2002, Plaintiff's contractor contacted Lee Rosenberg, Manager of the Environmental Services Bureau for the City of Norfolk, that Plaintiff wanted to substitute white vinyl sheetpile for treated lumber in the bulkhead. *Id.* at Ex. A, ¶ 5. Rosenberg endorsed the change; he decided that the vinyl sheetpile would be better for the environment than the original treated lumber and that the substitution represented only a routine technical modification. *Id.* at Ex. A, ¶¶ 6-8. On June 12, 2002, Rosenberg raised the substitution at a NWB meeting for the members' information, but there was no vote taken. (Pl.'s Supp. Mem., at Ex. B.) Thereafter, Plaintiff completed the bulkhead repairs by the end of June. (Pl.'s Mot. to Reinstate, at ¶ 2.)

On June 24, 2002, Craddock and seventy other Norfolk property owners (Appellants) filed an appeal with the VMRC. *Id.* at Ex. C. Appellants alleged that the NWB erred in allowing Plaintiff to modify the approved bulkhead because: (1) there was no notice of a public hearing; (2) the Wetlands Guidelines provide for less destructive methods of preventing erosion; (3) Plaintiff lacked title to the property; and (4) the NWB violated its duty to select the least destructive alternative. *Id.* In response, Plaintiff filed a Motion to Reinstate, a Motion to Stay Petition for Review, and a Motion to Quash Petition for Review on July 11, 2002. On July 17, 2002, the VMRC filed its Opposition to Plaintiff's Motion to Reinstate, Stay Petition for Review and Quash Petition for Review.

The instant case comes before the case on Plaintiff's motions to reinstate the original cause of action, to stay VMRC's review of Appellants' petition, and to quash the petition for review.

Plaintiff has requested that this Court reinstate case number CH99-2018. However, this case was resolved by this Court's Order of January 25, 2002. On that date, the Court set aside the VMRC's decision, remanded the matter to the VMRC "with instruction that the VMRC further remand [Plaintiff's] application to the Norfolk Wetlands Board to grant the application as approved by the Norfolk Wetlands Board." (Order of Jan. 25, 2002, at ¶ 2.)

Virginia case law defines a final order as "one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done

in the cause save to superintend ministerially the execution of the order." *Burns v. Equitable Assocs.*, 220 Va. 1020, 1028, 265 S.E.2d 737, 742 (1980) (citations omitted). By that definition, this Court's Order was a final order; it resolved the dispute between Plaintiff and the VMRC over Plaintiff's application for a wetland permit and left nothing to be done except for the VMRC to comply with the order.

The Code of Virginia provides no authority for a trial court to reinstate a case after a final order has been entered.[2] In the absence of statutory directions, this Court is bound by the Rules of the Virginia Supreme Court. Rule 1:1 states that twenty-one days after the entry of a final order, a trial court loses power over a cause of action. Va. Sup. Ct. R. 1:1 (2001) ("All final … orders … shall remain under the control of the trial court … for twenty-one days after the date of entry, and no longer."). The Order was entered on January 25, 2002. The twenty-one day period expired on February 15, 2002. Plaintiff's Motion to Reinstate was filed on July 11, 2002, almost five months later. This Court lacks the power to reinstate the matter.

Plaintiff has argued that this Court retains inherent power to supervise the enforcement of its Order. (Pl.'s Supp. Mem., at 1-2.) Although the Court does have this power, it is not applicable to the case at bar because the VMRC has complied with the Order. This Court "remanded [the matter] to the VMRC with instruction that the VMRC further remand [Plaintiff's] application to the Norfolk Wetlands Board to grant the application as approved by the Norfolk Wetlands Board." (Order of Jan. 25, 2002, at ¶ 2.) Plaintiff's pleadings reflect that the VMRC did remand the application to the NWB with instructions that it should be granted and that the application was in fact granted. (Pl.'s Mot. to Reinstate, at ¶ 2.) Nothing remains for this Court to supervise.

In his joint Motion to Stay Petition for Review and Motion to Quash Petition for Review, Plaintiff argues that this Court should intervene in Appellants' Petition to VMRC because (1) the Court retains jurisdiction over the controversy, (2) many of the arguments in the appeal have been raised and resolved in Craddock's previous attempts to block Plaintiff's application and are barred by *res judicata*, and (3) VMRC has no authority to hear this petition.[3] (Pl.'s Mot. to Stay Pet. for Review and Mot. to Quash Pet. for

---

[2] There are only two sections of the Code of Virginia that permit a circuit court to reinstate a case. Va. Code Ann. § 8.01-112 (2002) (allowing reinstatement for appointment of a special commissioner to execute a deed); Va. Code Ann. § 8.01-335 (2002) (allowing reinstatement of a case struck from the docket by the court for inactivity). Neither section is apposite.

[3] Plaintiff argues that the substitution of vinyl sheetpile for treated lumber represents only a "technical modification" not requiring a public hearing as alleged by

Review, at 2-4.) As argued above, this Court no longer has jurisdiction over this case. Moreover, the Court has no authority to intervene at this stage in the proceedings.

Under § 28.2-1315 of the Code of Virginia, judicial review is limited to appeals from the VMRC's decisions. Va. Code Ann. § 28.2-1315 (2002). VMRC has yet to make a decision in this matter. This Court has no authority to involve itself in Appellants' Petition unless it is appealed to the Court following a decision by VMRC.

Furthermore, the Court's authority to intervene in this matter is further limited by the Administrative Process Review Act. Va. Code Ann. § 2.2-4082 (2002). A court may "issue all necessary and appropriate process to postpone the effective dates or preserve existing status or rights pending conclusion of the review proceedings if the court finds the same to be required to prevent immediate, unavoidable, and irreparable injury." *Id.* If as alleged, the new bulkhead has been completed since the end of June, it would appear there is no longer the sort of "immediate, unavoidable, and irreparable injury" that would permit the Court to stay this action.

The Court lacks the authority to stay or quash Appellants' Petition for Review before the VMRC.

For the reasons set forth herein above, the Motion to Reinstate and Motion to Stay Petition for Review and Motion to Quash Petition for Review filed by Plaintiff are denied.

---

Appellants. (Pl.'s Mot. to Stay Pet. for Review & Mot. to Quash Pet. for Review, at 4.) In a separate brief, the NWB argues that the NWB never made a "decision" on the substitution, so there is no statutory authority for the appeal. Letter from Cynthia B. Hall, Deputy City Atty., to Judge Jacobson of Aug. 8, 2002, at 1-2; Va. Code Ann. § 28.2-1311(A) (2002).